UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| RAINBOW PLAY SYSTEMS, INC., | CIV. 06-4166 |
|  | CIV. 06-4191 |
| Plaintiff, |  |
| -vs- | OPINION AND ORDER |
|  | ON MOTION TO COMPEL (DOC. 123) |
| BACKYARD VENTURES MANAGEMENT, LLC; BACKYARD VENTURES, INC.; and BACKYARD VENTURES, LP, d/b/a Backyard Adventures; and PLAYGROUND, INC., d/b/a Leisure Time Products, |  |
| Defendants. |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SETTING THE STAGE

Rainbow sued Backyard for falsely representing Backyard's China Fir as cedar (Doc. 78). Backyard countersued Rainbow for falsely representing Backyard's Chinese Cedar as fir (Doc. 79). Backyard's prayer for relief is a Xerox copy of Rainbow's— plus one, i.e. Backyard also wants all the punitive damages a jury may allow.

The cedar Rainbow uses to build its playground sets is more expensive than the wood Backyard uses to build its playground sets. As a result, Backyard is able to sell its products for a lower price than Rainbow's comparable products. Both market their play sets as cedar. Rainbow asserts Backyard's products are not made from cedar. Backyard asserts their products are made from wood commonly called cedar.

Rainbow sued, among other matters, not for its own lost profits, but for an accounting of *Backyard's profits* from the sale of "counterfeit" cedar, i.e. selling products as made from cedar when they are not.

Backyard sued, among other matters, not for its own lost profits, but for an accounting of *Rainbow's profits* for its "deceptive and misleading advertising claims," i.e. belittling Cunninghamia lanceolata as not being cedar. (Cunninghamia lanceolata is the scientific name for the wood used by Backyard).

This is the second discovery dispute.  True to their best defense is a good offense approach, Backyard urges the discovery rulings in the first go around should apply equally in the second go around.  They urge their claims about fir against Rainbow are the same as Rainbow's claims about cedar against them, so the rulings on the same or similar discovery requests should be the same.  The flaw in the game plan, however, is that the bulls eye issue is about cedar, not about fir.  It is undisputed that Rainbow is using cedar.  The dispute is whether Backyard is using cedar.  Rainbow is suing for Backyard's alleged, unlawful *benefit* from selling "counterfeit" cedar.  Backyard's profits from selling "counterfeit" cedar, therefore, are a component of and relevant to Rainbow's damage claim.  *Basf Corp. v. Old World Trading Co.,* 41 F.3d 1081 (7th Cir. 1994).  *See also Porous Media Corp. v. Pall Corp.* 173 F.3d 1109, 1122, fn.10 (8th Cir. 1999).

On the other hand, when Backyard reversed the prayer for relief, the remedies are for Rainbow's alleged falsely belittling Backyard's cedar as fir.  There is no allegation that Rainbow uses "counterfeit" fir and calls its playground products fir.  Rainbow's hypothetical profits from the sale of "counterfeit" Cunninghamia lanceolata are not a component of Backyard's claims.  It is understood Rainbow does not make its playground equipment with Cunninghamia lanceolata.  Rainbow cannot give an accounting of profits derived from the sale of Cunninghamia lanceolata because Rainbow does not make or sell its playground equipment with Cunninghamia lanceolata.

Rainbow is entitled to discover financial and marketing facts from Backyard even though Backyard was not entitled to discover financial and marketing facts from Rainbow.  Backyard's

sales and profits from selling alleged "counterfeit" cedar are a component of Rainbow's damages and relevant to measure Rainbow's damages. *Basf Corp., supra.* Rainbow's sales and profits from selling cedar are not a component of Backyard's damages and are not relevant to measure Backyard's remedies or damages resulting from Rainbow's belittling of Chinese Cedar.

One of the elements Rainbow must prove to establish liability is that Backyard's advertising about its play sets as cedar is literally false. *Basf Corp., supra.* Backyard's advertising and marketing strategies bear directly on this claim and could lead to evidence which is relevant to proving this claim. Evidence which relates to claims or defenses is discoverable. Fed. Rule Civ. P. 26(b)(1). The ultimate issue is like two sides of a coin: on Rainbow's complaint the issue is whether Backyard is using counterfeit cedar; on Backyard's counterclaim the issue is whether Rainbow's labeling of Backyard's cedar as counterfeit is false.

## DISCOVERY RULINGS

Plaintiff's Interrogatory No. 2:[1] Identify all *methods* of marketing and advertising used to sell Backyard's play sets**.**

**RULING:** DENIED. Backyard has adequately responded by identifying its methods of marketing and advertising.

Plaintiff's Interrogatory No. 5: State the annual sales figures.

**RULING:** GRANTED IN PART and DENIED IN PART. Backyard's sales of play sets made with alleged "counterfeit" cedar are a component of Rainbow's damages. Backyard shall disclose its sales figures from play sets made with the alleged "counterfeit" cedar.

Plaintiff's Interrogatory No. 6: Identify all dealers, distributors and retail stores in which Backyard's play sets are sold.

**RULING:** GRANTED. This information is relevant both to damages and liability.

---

[1]The respective disputed discovery requests are paraphrased.

Plaintiff's Interrogatory No. 7: Identify sources from whom Backyard purchases Cunninghamia lanceolata.

**RULING:** GRANTED. Backyard maintains that their suppliers describe Cunninghamia lanceolata as cedar.

Plaintiff's Interrogatory No. 15: Identify *documents* or *any other information* upon which Backyard relies to support the allegations in its defenses and in its counterclaim.

**RULING:** GRANTED IN PART AND DENIED IN PART. Backyard shall identify the documents. Backyard does not need to identify the *other information.* "Other information" is not limited in the interrogatory to facts. Reference to *other information* is too broad and vague. Work product could also be involved.

Plaintiff's Interrogatory No. 16: Regarding Rainbow's Requests for Admission, state the factual bases that support each respective denial.

**RULING:** DENIED. Rule 35 provides that denials must state in detail why the answering party cannot admit. There is a procedure in Rule 35 for resolving disputes about Requests for Admission and responses. This motion to compel responses to interrogatories and requests for production is not the method for resolving disputes about Requests for Admission under Rule 35.

Plaintiff's Interrogatory No. 18: Identify all persons who will be called by Backyard to testify and identify all documents and things disclosed to the prospective witness and upon which each witness will rely.

**RULING:** DENIED. The Scheduling Order (Doc. 131) governs the timing and disclosure of witness and exhibit lists. This interrogatory does not ask Backyard to identify persons who have knowledge of facts, but rather asks Backyard to identify who it will call as witnesses. That is an invasion of work product. Further the interrogatory requires Backyard to tell Rainbow what information it has provided to lay witnesses in preparation for their testimony at trial. That is another invasion of work product. Both the Scheduling Order and Rule 26(a)(2) address expert witnesses and trump this interrogatory regarding expert witnesses.

Plaintiff's Interrogatory No. 20: Identify all documents or data compilations, tangible things, and *any other discoverable information* in the possession or control of Backyard that are relevant.

**RULING:** GRANTED IN PART AND DENIED IN PART. This interrogatory is in part not necessary because Rule 26 and the Scheduling Order require disclosure. Rainbow is, however, entitled to "smoke out" documents Backyard would not expect to use at trial and might not want Rainbow to see. Rainbow is entitled to discover all relevant documents and things. Rainbow is

4

entitled to see the documents and things that might be relevant so they can make their own decision about relevancy. Backyard does not need to disclose "any other discoverable information." That is a too broad and vague category which invades work product.

Plaintiff's First Request for Production of Documents No. 1: All articles and studies about the tree classified as Cunninghamia lanceolata.

**RULING:** DENIED. This information is as readily available to Rainbow as it is to Backyard.

Plaintiff's First Request for Production of Documents No. 5: All documents and electronically stored information about manufacture or sale of Backyard's play sets which contain any amount of Cunninghamia lanceolata.

**RULING:** GRANTED IN PART AND DENIED IN PART. Backyard shall produce, as it suggested would be appropriate, advertising documents and electronically stored advertising materials. Additionally Backyard shall produce documents or electronically stored information which reveal the identity of the wood used by Backyard to make its play sets. Backyard does not need to furnish documents and electronically stored information which fall outside the description of this category. Their objection that the interrogatory arguably could require them to produce every document or electronically stored item ever generated in their business is well taken.

Plaintiff's First Request for Production of Documents No. 7: All documents and electronically stored information identifying the wood composition of Backyard's play sets.

**RULING:** GRANTED IN PART AND DENIED IN PART. Backyard responded by acknowledging that they make their play sets with Cunninghamia lanceolata and market them as being made with cedar. Backyard adds to their response "or some variation thereof." Backyard shall explain what is meant by "or some variation thereof." Otherwise, the response is adequate.

Plaintiff's First Request for Production of Documents No. 8: All documents and electronically stored information about market strategy.

**RULING:** GRANTED. Rainbow is entitled to discover this information even though Backyard has acknowledged marketing Cunninghamia lanceolata products as cedar. This information goes to the authenticity of the assertion that Cunninghamia lanceolata is cedar.

Plaintiff's First Request for Production of Documents No. 9: All documents and electronically stored information about testing, research, and analysis of Cunninghamia lanceolata.

**RULING:** GRANTED IN PART AND DENIED IN PART**.** Backyard shall produce the documents

and electronically stored information they themselves have performed or caused to be performed. In addition Backyard shall produce all such documents which came into their possession in the normal course of business before litigation was commenced.

Plaintiff's First Request for Production of Documents No. 10:  All documents and electronically stored information about play sets Backyard makes with Cunninghamia lanceolata.

**RULING:**  GRANTED IN PART.  Both sides refer to Request No. 5 as stating their position.  The ruling about Request No. 5 and the reasons for it, therefore, apply here.  Backyard shall produce, as it suggested would be appropriate, advertising documents and electronically stored advertising materials.  Additionally Backyard shall produce documents or electronically stored information which reveal the identity of the wood used by Backyard to make its play sets.  Backyard does not need to furnish documents and electronically stored information which fall outside the description of this category.  Their objection that the interrogatory arguably could require them to produce every document or electronically stored item ever generated in their business is well taken.

Plaintiff's First Request for Production of Documents No. 12:  All documents or electronically stored information which is relevant to a claim or defense in the lawsuit.

**RULING:**  GRANTED IN PART AND DENIED IN PART.  This request is the partner to interrogatory 20, so the same ruling applies.  This request is in part not necessary because Rule 26 and the Scheduling Order require disclosure.  Rainbow is, however, entitled to "smoke out" documents Backyard would not expect to use at trial and might not want Rainbow to see.  Rainbow is entitled to discover all relevant documents and things.  Rainbow is entitled to see the documents and things that might be relevant so they can make their own decision about relevancy.  Backyard does not need to disclose documents and electronically stored information prepared in anticipation on litigation or as a part their participation in the lawsuit after litigation began.  That is a too broad and vague category which invades work product.  Backyard shall produce documents and electronically stored information responsive to the request which was acquired in its usual course of business.

Plaintiff's First Request for Production of Documents No. 13:  All documents and electronically stored information about the allegations in the counterclaim.

**RULING:**  GRANTED IN PART AND DENIED IN PART.  This request, too, is the partner to interrogatory 20, so the same ruling applies. This request is in part not necessary because Rule 26 and the Scheduling Order require disclosure.  Rainbow is, however, entitled to "smoke out" documents Backyard would not expect to use at trial and  might not want Rainbow to see. Rainbow is entitled to discover all relevant documents and things.  Rainbow is entitled to see the documents and things that might be relevant so they can make their own decision about relevancy.  Backyard does not need to disclose documents and electronically stored information prepared in anticipation on litigation or as a part their participation in the lawsuit after litigation began.  That is a too broad and vague category which invades work product.  Backyard shall produce documents and

electronically stored information responsive to the request which was acquired in its usual course of business.

Plaintiff's First Request for Production of Documents No. 14: All documents and electronically stored information about exports of play sets made with Cunninghamia lanceolata.

**RULING:** GRANTED IN PART AND DENIED IN PART. Backyard shall produce all documents and electronically stored information which discloses how it identifies Cunninghamia lanceolata for tariff purposes and to foreign customers.

Plaintiff's First Request for Production of Documents No. 15: This is the same request as in No. 14, but this request addresses imports.

**RULING:** GRANTED IN PART AND DENIED IN PART. Backyard shall produce all documents and electronically stored information which discloses how its imported Cunninghamia lanceolata is classified or identified either by Backyard or by others.

Plaintiff's First Request for Production of Documents No. 16: All documents or electronically stored information about Backyard's play sets containing Cunninghamia lanceolata.

**RULING:** GRANTED IN PART AND DENIED IN PART. Backyard shall produce all documents and electronically stored information which include a reference to cedar (in any form, e.g. North American cedar or Western Red Cedar), China fir, Chinese cedar, or the like, or any terms which have surfaced in this litigation to describe the wood used by either side to make its play sets. This list is intended to illustrate the category of documents or electronically stored information which must be produced, but this list is not intended to be an exhaustive list of the descriptive words which might have been used in these documents or electronically stored information. In the event there is any doubt about whether the document or electronically stored information contains reference to a description of play sets (anybody's) which might make the document or electronically stored information discoverable under this ruling, the doubt shall be resolved in favor of disclosure. The purpose of this ruling is to limit the nature of documents and electronically stored information which must be produced to the inclusion of the described category, to the exclusion of other non-relevant documents, e.g. invoices, letters, orders, inventories, internal memos, and the myriad of other paper and electronically stored information which is generated in the usual course of business which have nothing to do with this lawsuit.

Plaintiff's Second Set of Interrogatories and Requests for Production of Documents, Interrogatory No. 21: Identify all the individuals who have an interest in Backyard's business and who have an interest in the outcome of the case.
**RULING:** DENIED. In a lawsuit against General Electric Corporation it would probably not have to disclose a list of its shareholders. The same principle applies here. All persons who have knowledge about the facts in this case must be disclosed under Rule 26 and pursuant to other

interrogatories which in all probability have been propounded by Rainbow but which are not in dispute and have not been seen by the court.

Plaintiff's Second Set of Interrogatories and Requests for Production of Documents, Request No. 21: All documents and electronically stored information revealing the identity of individuals or entities with ownership interests in Backyard.

**RULING:** DENIED.  This is a partner to Interrogatory No. 21 which was denied.  The request to produce is denied for the same reason.

Plaintiff's Second Set of Interrogatories and Requests for Production of Documents, Request 22: All documents and electronically stored information about officers, directors, principals, and board members.

**RULING:** DENIED.  This is a partner to Interrogatory No. 21 which was denied.  The request to produce is denied for the same reason.

Plaintiff's Second Set of Interrogatories and Requests for Production of Documents, Request 23: Like interrogatory 21, and requests 21 and 22 above, this request seeks identity of persons involved in Backyard's business.

**RULING:** DENIED.  This is a partner to Interrogatory No. 21 which was denied.  The request to produce is denied for the same reason.

## ORDER

It is ORDERED that:

1. The motion to compel (Doc. 123) is GRANTED IN PART and DENIED IN PART as described in the rulings above.

2. The motions for oral argument and for sanctions (Doc. 123) are DENIED.

Dated this 22nd day of September, 2008.

                                            BY THE COURT:

                                            s/ John E. Simko
                                            _____
                                            John E. Simko
                                            United States Magistrate Judge